## FRANKLIN *v.* FORTY-SECOND ST., & G. S. F. R. CO.

(*Supreme Court, General Term, Second Department.* December 13, 1888.)

CARRIERS OF PASSENGERS—INJURY TO PERSONS IN STREET CAR—PROOF OF NEGLIGENCE.
    Evidence that defendant's street car was being driven very rapidly, and ran into the end of a van, the horses drawing which had crossed the track, the accident happening at midday, and when there was no obstruction in the street, and that plaintiff, a passenger, was free from negligence, will sustain a verdict in his favor, for injuries received by the collision. [1]

Appeal from circuit court, Kings county.

Action by John Franklin against the Forty-Second Street & Grand Street Ferry Railroad Company, for personal injuries. Judgment for plaintiff, and defendant appeals.

Argued before BARNARD, P. J., and PRATT and DYKMAN, JJ.

*F. H. Smith*, for appellant.   *R. H. Carpenter*, for respondent.

---

[1] See, as to the liability of horse and street railway companies for negligent injuries to passengers, their duties as carriers, and what is negligence on the part of the passenger and of the company, Railway Co. v. Robinson, (Ill.) 18 N. E. Rep. 772, and note; Hitchcock v. Railroad Co., ante, 218.

BARNARD, P. J.  The plaintiff was injured while riding as a passenger in one of the defendant's street cars.  The accident was caused by a collision between the car in which he was riding and a furniture van.  The proof of negligence upon the part of defendant's driver is sufficient to uphold the verdict. The defendant's car was going up town, and was at the time of the collision crossing Sixth avenue, New York.  The furniture van was going down on the Sixth-Avenue track.  The defendant's car was going very fast.  The horses of the van had passed over the track, but the defendant's car ran into the end of the van.  The mere statement of the case is sufficient to support the verdict.  There was no crowd of vehicles—no obstruction—at midday, and it was solely because the driver would not slacken his speed so as to permit a wagon time to pass over the track.  The plaintiff was free from negligence.  He was riding in the car, with the window open, with his arm resting on the sill of the same, but entirely within the line of the car.  The jury was instructed that the plaintiff could not recover if any part of the plaintiff's arm was out of the car window, and that, if his "injury was occasioned by the projection of the plaintiff's arm," the verdict should be for the defendant.  This is in conformity with *Holbrook* v. *Railroad Co.*, 12 N. Y. 236.  Judgment should be affirmed, with costs.  All concur.